F. B. HAUCK CLOTH COMPANY, Appellant, v. CHARLES H. BROTHERS, Respondent.

St. Louis Court of Appeals, March 12, 1895.

Conditional Sales: VALIDITY. When goods are sold, and possession of them is delivered to the vendee, upon condition that the title shall remain in the vendor until they are paid for, the condition will be invalid as against a subsequent purchaser in good faith from the vendee, if the contract is not reduced to writing, and acknowledged and recorded as required by statute.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*Wright & Lovan* for appellant.

*E. P. Miller* and *T. J. Delaney* for respondent.

BIGGS, J.—This is an action of replevin for a lot of furnishing goods. The plaintiff gave bond, and the property was taken from the defendant. The answer is a general denial. It also contains an allegation of ownership, and asks for a return of the property, and a judgment for damages. Under the instructions of the court the jury found the issues for the defendant, and assessed the value of the goods at $705 and the damages at $1. The usual judgment was entered, and

the plaintiff has appealed to this court.    It complains of the action of the court in giving and refusing instructions.

The plaintiff's case, as made by its testimony, is that it delivered the goods to Tatman to sell on commission; that Tatman was a merchant tailor engaged in business in the city of Springfield, Missouri; that Tatman fraudulently transferred the goods in bulk to the defendant, and had failed to account to plaintiff for their value.

On the other hand the evidence for the defendant tended to prove that Tatman was indebted to him in the sum of $300, which was evidenced by two overdue notes, and which he had endeavored without success to collect; that Tatman also owed J. E. Warden $105, and that the defendant, in order to save his debt, purchased the stock of merchandise from Tatman; and that the consideration of the purchase was the satisfaction and cancellation of his own debts, the payment by him of the debt to Warden, and $300 cash.    The defendant's evidence also tended to prove that he purchased the goods in good faith without any knowledge that Tatman was selling on commision; that Tatman was doing business ostensibly on his own account; that his sign indicated it, and there was nothing to show to the contrary. There was also some evidence tending to prove that the goods were sold by plaintiff to Tatman.

The court refused all instructions asked by the plaintiff, and of its own motion gave the jury the following written charge:

"In this case the plaintiff sues for the possession of the goods described in the petition, claiming to own the same.    The defendant sets up as an answer to the petition that he is the owner thereof.    Now, if you find from the evidence that the goods in question were delivered to Tatman by plaintiff under an agreement

that the title thereto should remain in plaintiff until sold or used by said Tatman in the regular course of business as a merchant tailor, then said Tatman would have no right to sell the same in bulk for the payment of an individual debt of his own, or for the purpose of defrauding plaintiff out of the same, and your verdict should be for plaintiff for the possession of the goods sued for, unless you shall find from the evidence that defendant, in good faith and for a valuable consideration, purchased same from Tatman without any notice or knowledge of the conditions under which said Tatman held the same. Now, if the goods were delivered to said Tatman by plaintiff, upon such conditions above referred to, then the burden of proving that defendant bought the same without notice would be upon defendant, and he should show the same by a preponderance or greater weight of testimony. If the goods were merely sold to Tatman unconditionally on credit and never paid for, then the plaintiff can not recover in this action, and it would be immaterial whether the defendant bought the same in good faith or not. The burden of showing that the sale was conditional, as above stated, is on the plaintiff, and he must show same by a preponderance or greater weight of testimony. The law presumes good faith until the contrary is shown by evidence, or until the evidence shows such a state of facts as would put a reasonably prudent man on inquiry."

The theory upon which the instruction was drawn was that, upon the hypothetical facts stated, Tatman would be a factor or agent of plaintiff. This was error, as such facts, if true, would tend rather to prove a conditional sale of the goods to him. As such condition to be valid, must be reduced to writing, acknowledged and recorded (section 5180 of the Revised Statutes, 1889), of which there is no pretense in this case, it is

manifest that the instruction submitted the case to the jury upon much more favorable terms to the plaintiff than the law warranted.

The judgment of the circuit court will, therefore, be affirmed. All the judges concur.